Michael F. Lutz, ISB #9218
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 Telephone
(307) 733-5248 Facsimile
lutz@spencelawyers.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# THE DISTRICT OF IDAHO

| | |
|---|---|
| **JAMIE P. CANTER,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| **HARMS PACIFIC TRANSPORT, INC.,** a Washington Corporation and **JAMES ELGIN,** an employee of Harms Pacific Transport, Inc., | ) ) ) CIVIL No.: _____ ) ) |
| Defendants. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

For their claims for relief against the Defendants, Plaintiff Jamie P. Canter, by and through his counsel, Michael F. Lutz, The Spence Law Firm, LCC, states and alleges upon information and belief as follows:

### I.     PARTIES

1.     Plaintiff is a citizen of Illinois, residing in St. Clair County, Illinois.

2.     Plaintiff suffered serious physical injuries on September 12, 2016, on US 95 in Canyon County, Idaho, when he was struck by a 2017 Kenworth tractor-trailer combination owned by Harms Pacific Transport Inc. (hereinafter "Harms Pacific") and operated by its employee, James Elgin (hereinafter "Elgin").

3. Defendant Harms Pacific is a Washington Corporation with a principal place of business at 3220 North Glade Road, Pasco, Washington 99301-8719.

4. Defendant Harms Pacific does business in the State of Idaho and, upon information and belief, is the licensed motor carrier who employed driver James Elgin.

5. Upon further information and belief, Harms Pacific is the owner of the 2017 Kenworth tractor-trailer combination, VIN 1XKWD49X7HR152634.

6. Defendant Harms Pacific, as a legal entity, can only act through its officers, directors, employees, and agents. Defendant Harms Pacific is responsible for the acts and/or omissions of those employees and agents, which were the direct and proximate cause of the personal injuries to Jamie P. Canter and the resulting damages.

7. Upon information and belief, Defendant James Elgin is a citizen of Washington. At all times material to the facts alleged herein, Defendant Elgin resided in Waitsburg, Washington.

8. All of the acts and omissions of Defendant Elgin alleged in this Complaint were acts and omissions that occurred while Defendant Elgin was acting within the scope of his employment as an employee of Harms Pacific.

## II. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

10. Pursuant to 28 U.S.C. §1391, proper venue for this action is the United States District Court for the District of Idaho. The claims arose in this judicial district and the acts and omissions complained of occurred within the District of Idaho.

11. This Court has personal jurisdiction over Defendants because Defendants committed acts and omissions in Idaho giving rise to Plaintiff's damages.

### III. DETAILS AND FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

12. On or about September 12, 2016, Jamie P. Canter operated a 2014 International tractor-trailer combination.

13. Mr. Canter was traveling southbound on US-95 near milepost 40.3 outside of Wilder, Idaho at approximately 3:33 p.m.

14. With his right turn signal on, Mr. Canter was traveling at a slow speed to turn right into the CTI Food parking lot.

15. At the same time, Defendant Elgin was also traveling southbound on US-95 a good distance behind Mr. Canter.

16. Defendant Elgin admitted to law enforcement that he looked in his side mirror and down in the cab, and when he looked back up he was unable to slow in time before crashing into Mr. Canter's tractor-trailer.

17. Defendant Elgin struck Mr. Canter's tractor-trailer from behind.

18. Defendant Elgin was cited for inattentive or careless driving.

### IV. CAUSE OF ACTION AGAINST BOTH DEFENDANTS

19. Defendants owed a duty of ordinary care for Mr. Canter's safety.

20. Defendants' duty of care included a duty to obey federal, state, and local statutes, rules and regulations governing the operation of motor vehicles.

21. Defendant James Elgin breached his duty and committed negligent, willful, and/or reckless misconduct by various acts and omissions in the following, but not exclusive, manners:

    a. Failure to properly assess the traffic conditions;

    b.    Failure to maintain proper control of the vehicle;

    c.    Failure to operate the vehicle with reasonable care under the circumstances;

    d.    Failure to maintain proper vision and lookout;

    e.    Failure to attentively operate a tractor-trailer;

    f.    Failure to slow and stop when approaching a slowed vehicle;

    g.    Failure to maintain a proper speed;

    h.    Reckless and outrageous driving; and

    i.    Otherwise failing to exercise reasonable care under the circumstances.

22.    Defendant Elgin's acts and omissions were also the acts and omissions of Defendant Harms Pacific under the legal concept of vicarious liability.

23.    Separately and alternatively, Defendant Harms Pacific is liable for Defendant Elgin's acts and omissions under Idaho Code § 49-2417.

24.    Defendant Harms Pacific also owed a duty to exercise reasonable care not to entrust motor vehicles to individuals whom Harms Pacific knew or should have known were not reasonably safe motor vehicle operators.

25.    Defendant Harms Pacific also owed a duty to exercise reasonable care in hiring, training, supervising, and retaining its employees so as to avoid causing a foreseeable risk of harm to others.

26.    Defendant Harms Pacific breached its duties of care and committed negligent, willful, and/or reckless acts and omissions, including but not limited to:

    a.    Negligently entrusting a vehicle to Mr. Elgin;

    b.    Negligently failing to adequately train Mr. Elgin;

    c.    Negligently failing to adequately supervise Mr. Elgin; and

      d.      Negligently hiring and retaining Mr. Elgin.

27. As a direct and proximate result of Defendants' negligent, willful, and/or reckless acts and omissions, Plaintiff suffered damages for which Defendants are responsible as more particularly set forth below in the section of this Complaint entitled "Damages."

28. Defendants engaged in willful and reckless misconduct such that the limitation on noneconomic damages contained in Idaho Code § 6-1603 does not apply.

## V.  DAMAGES

29. As a direct and proximate cause and result of Defendants' negligent, willful, and/or reckless acts and omissions, Jamie P. Canter suffered and will continue to suffer extreme personal injuries and physical and emotional pain and suffering.

30. As a direct and proximate cause and result of Defendants' negligent acts and omissions, Plaintiff incurred the following damages:

    a.    Physical injury, pain, suffering, impairment, disfigurement, mental pain, emotional distress and loss of enjoyment of life, past and future, in an amount to be proven at trial;

    b.    Medical expenses, past and future, in an amount to be proven at trial;

    c.    Past lost earnings and future lost earning capacity in an amount to be proven at trial;

    d.    Past and future lost services;

    e.    All allowable costs, expenses and fees associated with this litigation and any other damages permitted by Idaho law; and

    f.    Plaintiff specifically reserves the right to seek leave to amend this Complaint pursuant to I.C. § 6-1604 to request punitive damages if appropriate against either one or

both of the Defendants, including on the direct negligence claims against Defendant Harms Transport.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against the Defendants in an amount as supported by the allegations of this Complaint, as follows:

1. Judgment against the Defendants for economic damages in an amount consistent with the allegations contained herein and to be proven at trial.

2. Judgment against the Defendants for non-economic damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

DATED this 30th day of August, 2018.

/s/ Michael F. Lutz
_____
Michael F. Lutz, ISB #9218
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
Telephone:  307-733-7290
Facsimile:   307-733-5248
lutz@spencelawyers.com

*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiffs, by and through counsel, and pursuant to F.R.C.P. 38, request this matter be tried to a jury of six (6).

DATED this 30th day of August, 2018.

/s/ Michael F. Lutz

_____
Michael F. Lutz, ISB #9218
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
Telephone: 307-733-7290
Facsimile: 307-733-5248
lutz@spencelawyers.com

*Attorney for Plaintiff*